## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| PEKIN INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| BRAD G. PETERSON, JENNIFER R. PETERSON, LARRY PETERSON, SUEANN PETERSON, and CASSANDRA BREITENSTEIN and DARIN BREITENSTEIN, Individually and as Next Friends of S.B., a minor, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, PEKIN INSURANCE COMPANY, by and through its attorney, Mark A. Ludolph of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for its Complaint for Declaratory Judgment against the Defendants, BRAD G. PETERSON, JENNIFER R. PETERSON, LARRY PETERSON, SUEANN PETERSON, and CASSANDRA BREITENSTEIN and DARIN BREITENSTEIN, Individually and as Next Friend of S.B., a minor, alleges as follows:

### INTRODUCTION

1.  Through this declaratory judgment action, Pekin Insurance Company ("Pekin") seeks a declaration that it owes no duty to defend or indemnify Brad G. Peterson and Jennifer R. Peterson under a policy of insurance issued to them with respect to a bodily injury lawsuit filed by Cassandra Breitenstein and Darin Breitenstein, Individually and as Next Friends of S.B., a minor, against Brad G. Peterson, Jennifer R. Peterson, Larry Peterson, Sueann Peterson in the Iowa District Court for Lee County, Iowa.

2. By virtue of its issuance of the insurance policy and potential obligation to defend and indemnity Brad G. Peterson and Jennifer R. Peterson, Pekin has an interest in the outcome of this controversy.

## THE PARTIES

3. Pekin is a property and casualty insurance company organized and existing under the laws of the State of Illinois, having its principal place of business in Pekin, Illinois. Pekin is a citizen of Illinois.

4. Brad G. Peterson, the husband of Jennifer R. Peterson, is a named insured of a Pekin Insurance Homeowners V.I.P. insurance policy, for the period of March 24, 2020 to March 24, 2021. He is a citizen of Iowa.

5. Jennifer R. Peterson, the wife of Brad G. Peterson, is a named insured of a Pekin Insurance Homeowners V.I.P. insurance policy, for the period of March 24, 2020 to March 24, 2021. She is a citizen of Iowa.

6. Larry Peterson is Brad G. Peterson's father. He is a citizen of Iowa.

7. Sueann Peterson is Brad G. Peterson's mother. She is a citizen of Iowa.

8. Cassandra Breitenstein is the mother of S.B. She is a citizen of Iowa.

9. Darin Breitenstein is the father of S.B. He is a citizen of Iowa.

10. S.B. is the minor daughter of Cassandra and Darin Breitenstein. She is a citizen of Iowa.

11. Larry Peterson, Sueann Peterson, and Cassandra Breitenstein and Darin Breitenstein, Individually and as Next Friends of S.B., a minor, are named as defendants herein because they may be deemed necessary parties with an interest in the subject matter of this action. Pekin seeks no relief from Larry Peterson, Sueann Peterson, and Cassandra Breitenstein and Darin

Breitenstein, Individually and as Next Friends of S.B., other than to the extent, if any, they are interested in the subject matter of this action, that they be bound by a declaratory judgment entered herein.

12. Pekin will voluntarily dismiss Larry Peterson, Sueann Peterson, and Cassandra Breitenstein and/or Darin Breitenstein, Individually and as Next Friends of S.B., a minor, as defendants should they execute stipulations agreeing to be bound by the judgment sought herein.

## JURISDICTION AND VENUE

13. No defendant is a citizen of Pekin's state of citizenship, Illinois, so diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a).

14. The amount in controversy exceeds $75,000, exclusive of interest and costs. Although this action does not seek monetary damages, the effect of granting the declaratory relief sought would be to avoid coverage for a loss exceeding $75,000 in value.

15. Venue is proper in this District because all of the Defendants are residents of the State of Iowa and because a substantial part of the events or omissions giving rise to the Underlying Action occurred in this judicial district. 28 U.S.C. § 1391(b)(1), (b)(2). Lee County, Iowa, where a substantial part of the events or omissions giving rise to the Underlying Action occurred, is located in the Eastern Division of this Court. IASD-LR 3.

16. An actual controversy exists between the parties and, pursuant to 28 U.S.C. § 2201, this Court has the authority to grant the relief requested.

## THE UNDERLYING ACTION

17. Cassandra Breitenstein and Darin Breitenstein, Individually and as Next Friends of S.B., a minor, initiated a lawsuit (the Underlying Action), *Cassandra Breitenstein and Darin Breitenstein, Individually and as Next Friends of S.B., a minor v. Brad Peterson, Jennifer Peterson,*

*Larry Peterson, and Sueann Peterson*, case number LALA007072, in the Iowa District Court of Lee County, Iowa on or about August 5, 2022. A copy of the Breitenstein's Petition at Law is attached as **Exhibit 1**.

18. The Underlying Action alleges that Brad Peterson and Jennifer Peterson owned, operated, possessed and controlled the property located at ▮ 296th Street in Argyle, Lee County, Iowa. Ex. 1, ¶ 8.

19. The Underlying Action alleges that Larry and Sueann Peterson, Brad Peterson's parents, owned, operated, possessed, and controlled property, consisting of a field, at or near 2971 179th Avenue in Argyle, Iowa. Ex. 1, ¶¶ 9, 22.

20. The Underlying Action alleges that A.P. is Brad and Jennifer Peterson's daughter and the granddaughter of Larry and Sueann Peterson. Ex. 1, ¶¶ 14, 22.

21. The Underlying Action alleges that, on August 28, 2020, S.B., Cassandra and Darin Breitenstein's 12-year-old daughter, was spending the night with her friend, A.P. Ex. 1, ¶¶ 2-3, 14, 34.

22. The Underlying Action further alleges that, with the consent and permission of Brad and Jennifer Peterson, A.P. and S.B. rode a 2004 Honda 4-wheeler ATV owned by the insureds and registered to Jennifer Peterson. Ex. 1, ¶¶ 10-11, 19, 21.

23. The Underlying Action alleges that A.P. and S.B. rode the ATV in the field owned by Larry and Sueann Peterson at or near 2971 179th Avenue in Argyle, Iowa with the consent and permission of Larry and Sueann Peterson. Ex. 1, ¶¶ 20, 22-23.

24. The Underlying Action alleges that S.B. rode the ATV alone and without a helmet or other protective equipment. Ex. 1, ¶¶ 38, 55.

25. The Underlying Action alleges that Brad and Jennifer Peterson allowed S.B. to ride

on the ATV without any adult help or supervision. Ex. 1, ¶¶ 28-30.

26.     The Underlying Action further alleges that S.B. was too young to safely operate the ATV, that S.B. lacked the physical and mental skill to operate the ATV, and that the ATV had mechanical issues that "impaired the normal and full operation of the vehicle." Ex. 1, ¶¶ 35, 44, 47.

27.     The Underlying Action alleges that Brad and Jennifer Peterson knew or should have known that S.B. was too young to safely operate the ATV, that she did not wear a helmet, that she lacked skill, and that the ATV was experiencing mechanical issues. Ex. 1, ¶¶ 36, 45, 48.

28.     The Underlying Action further alleges that the ATV "upset" while S.B. was riding it, that she was "ejected" from the vehicle, and that she suffered "extraordinary and traumatic injuries." Ex. 1, ¶¶ 26-27.

29.     The Underlying Action alleges that negligence by Brad and Jennifer Peterson, among others, proximately caused the incident which led S.B. to sustain injuries on August 28, 2020. Ex. 1, ¶¶ 55-56, 67.

30.     The Underlying Action alleges that S.B. suffered injuries and damages in the form of past and future medical expenses; past and future physical and mental pain and suffering; past and future loss of full use of mind and body, physical impairment, and disability; past and future loss of earnings; loss of earning capacity; property damage; and other damages. Ex. 1, ¶¶ 57, 68.

31.     The Underlying Lawsuit also alleges that negligence by Brad and Jennifer Peterson, among others, on August 28, 2020 caused damages to Cassandra and Darin Breitenstein through the loss of parental consortium. Ex. 1, ¶¶ 71-72.

32.     Through the Underlying Action, Cassandra Breitenstein and Darin Breitenstein, Individually and as Next Friends of S.B., seek monetary damages, interest, and attorneys' fees,

plus costs and other relief. Ex. 1, Prayer for Relief, pp. 11-12.

## DEFENSE PURSUANT TO A RESERVATION OF RIGHTS

33.    Brad and Jennifer Peterson notified Pekin, their insurer, of the Underlying Action, and requested a defense and indemnity against the Underlying Action.

34.    Pekin issued a letter to Brad and Jennifer Peterson on September 6, 2023 in which Pekin agreed to defend them in the Underlying Action, for the reasons therein stated, while reserving each of its rights under the Policy, including its right to raise its policy defenses through a declaratory judgment or otherwise.

35.    Pekin retained the services of litigation counsel on behalf of Brad and Jennifer Peterson and is defending them in the Underlying Action under a full reservation of rights.

## THE PEKIN INSURANCE POLICY

36.    Pekin issued a Homeowners V.I.P. Policy, number 005269346, to Brad G. Peterson and Jennifer R. Peterson for a coverage period of March 24, 2020 to March 24, 2021. A certified copy of the policy is attached as **Exhibit 2**.

37.    Brad and Jennifer Peterson acquired the Policy through a local insurance agency in Donnellson, Lee County, Iowa.

38.    The Policy's Declarations list the insured premises as ▬ 296th Street, Argyle, Lee County, Iowa 52619.

39.    The Policy provides coverage for personal liability and medical payments to others, subject to certain limitations, exclusions, conditions, and endorsements.

40.    The Policy's limit of coverage for personal liability is $300,000 per occurrence.

41.    The Policy's limit of coverage for medical payments to others is $1,000 per person.

42.    In pertinent part, the Policy's coverages state the following:

**A. Coverage E – Personal Liability**
If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" . . . caused by an "occurrence" to which this coverage applies, will:
1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
2. Provide a defense at our expense by counsel or our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

**B. Coverage F – Medical Payments To Others**
We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of you household except "residence employees". As to others, the coverage applies only;
1. To a person on the "insured location" with the permission of the "insured"; or
2. To a person off the "insured location", if the "bodily injury":
   a. Arises out of a condition on the "insured location" or the ways immediately adjoining;
   b. Is caused by the activities of an "insured";

43.  The Policy contains the following relevant definitions:

1. "Aircraft Liability", "Hovercraft Liability", "Motor Vehicle Liability" and "Watercraft Liability", subject to the provisions in **b.** below, mean the following:
   a. Liability for "bodily injury" . . . arising out of the:
      (1) Ownership of such vehicle or craft by an "insured";
      (2) Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;
      (3) Entrustment of such vehicle or craft by an "insured" to any person;
      (4) Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or
      (5) Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.
   b. For the purpose of this definition:
      . . .
      (4) Motor vehicle means a "motor vehicle" as defined in **7.** below.

   **2.** "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.
. . .
   **5.** "Insured" means:
   **a.** You and residents of your household wo are:
      **(1)** Your relatives; or
      **(2)** Other persons under the age of 21 and in the care of any person named above;
. . .
   **6.** "Insured location" means:
   **a.** The "residence premises";
   **b.** The part of other premises, other structures and grounds used by you as a residence; and
      **(1)** Which is shown in the Declarations; or
      **(2)** Which is acquired by you during the policy period for your used as a residence;
   **c.** Any premises used by you in connection with a premises described in **a.** and **b.** above;
   **d.** Any part of a premises:
      **(1)** Not owned by an "insured"; and
      **(2)** Where an "insured" is temporarily residing;
   **e.** Vacant land, other than farm land, owned by or rented to an "insured";
   **f.** Land owned by or rented to an "insured" on which a one, two, three or four family dwelling is begin built as a residence for an "insured";
   **g.** Individual or family cemetery plots or burial vaults of an "insured"; or
   **h.** Any part of a premises occasionally rented to an "insured" for other than "business" use.

   **7.** "Motor vehicle" means:
   **a.** A self-propelled land or amphibious vehicle;
. . .
   **8.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
   **a.** "Bodily injury";

44.   The following exclusion to the Policy's coverages states, in relevant part:

**A. "Motor Vehicle Liability"**
   **1.** Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":
      a. Is registered for use on public roads or property;
      b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence";
. . .

8

    **2.** If Exclusion **A.1.** does not apply, there is still no coverage for "motor vehicle liability" unless the "motor vehicle" is:

        . . .

        **d.** Designed for recreational use off public roads and:
            **(1)** Not owned by an "insured"; or
            **(2)** Owned by an "insured" provided the "occurrence" takes place on an "insured location" as defined in Definitions **B.6.a., b., d., e. or h.**;

45. The Policy contains an exception to the Motor Vehicle Exclusion to liability coverage, as set forth above. The exception applies when a "motor vehicle" is designed for recreational use off public roads and is owned by an "insured," so long as the "occurrence" takes place in one of the following "insured locations":

    a. The "residence premises";
    b. The part of other premises, other structures and grounds used by you as a residence; and
        (1) Which is shown in the Declarations; or
        (2) Which is acquired by you during the policy period for your used as a residence;
    d. Any part of a premises:
        (1) Not owned by an "insured"; and
        (2) Where an "insured" is temporarily residing;
    e. Vacant land, other than farm land, owned by or rented to an "insured";
    h. Any part of a premises occasionally rented to an "insured" for other than "business" use.

## CAUSE OF ACTION
## No Duty to Defend or Indemnify

46. Pekin incorporates by references paragraphs 1 through 45 above, as if fully set forth herein.

47. Brad G. Peterson and Jennifer R. Peterson are the named insureds under the Policy.

48. The Underlying Action seeks damages from Brad and Jennifer Peterson for alleged bodily injuries sustained by S.B. arising from an ATV accident occurring during the term of the policy at issue.

49. At the time of her alleged injury, S.B. was riding an ATV owned by Brad and

Jennifer Peterson.

50. At the time of her alleged injury, S.B. was riding the ATV with the knowledge, consent, and permission of Brad and Jennifer Peterson.

51. At the time of her alleged injury, S.B. was operating the ATV alone and without help or accompaniment by an adult.

52. The ATV at issue was a "motor vehicle" as defined by the Policy.

53. The ATV may have been designed for use off of public roads.

54. At the time of her alleged injury, S.B. was riding the ATV in a field off of an "insured premises" as defined by the Policy. More particularly, the "occurrence" did *not* take place:

   a. on the "residence premises";

   b. on or in another premises, structure or grounds used by Brad or Jennifer Peterson as a residence;

   c. on any part of a premises not owned by Brad or Jennifer Peterson and where they were temporarily residing;

   d. on vacant land, other than farm land, owned by or rented to Brad or Jennifer Peterson; or

   e. on any part of a premises occasionally rented to Brad or Jennifer Peterson for other than "business" use.

55. Pekin has no duty to defend or indemnify its insureds because the "Motor Vehicle Liability" exclusion bars coverage under the Policy.

56. The "Motor Vehicle Liability" exclusion applies to both personal liability under Coverage E and medical payments to others under Coverage F of the Policy.

WHEREFORE, the Plaintiff, PEKIN INSURANCE COMPANY, prays that this

Honorable Court enter judgment in its favor and against the Defendants and further:

    A)    Declare and adjudicate that Pekin has no duty to defend BRAD G. PETERSON and JENNIFER R. PETERSON pursuant to the above-described policy of insurance, number 005269346, with respect to the claims brought against them by CASSANDRA BREITENSTEIN and DARIN BREITENSTEIN, Individually and as Next Friends of S.B., a minor, in *Breitenstein v. Peterson, et al.*, case number LALA007072, in the Iowa District Court for Lee County;

    B)    Declare and adjudicate that Pekin has no duty to indemnify BRAD G. PETERSON and JENNIFER R. PETERSON pursuant to the above-described policy of insurance, number 005269346, with respect to the claims brought against them by CASSANDRA BREITENSTEIN and DARIN BREITENSTEIN, Individually and as Next Friends of S.B., a minor, in *Breitenstein v. Peterson, et al.*, case number LALA007072, in the Iowa District Court for Lee County; and

    C)    Grant such other and further relief it deems appropriate.

    PEKIN INSURANCE COMPANY

    By:    s/ Mark A. Ludolph
    Mark A. Ludolph
    Iowa #AT0014578

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
Phone: (309) 676-0400
Fax: (309) 676-3374
PRIMARY E-MAIL: peoctdocket@heylroyster.com
SECONDARY: mludolph@heylroyster.com; mmajdic@heylroyster.com